IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| American Green Technology, Inc., | ) ) | Case No. 18-34728 |
| Debtor. | ) ) ) | |

**UNOPPOSED MOTION OF PREMIUM ASSIGNMENT
CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY
TO EXERCISE RIGHTS IN UNEARNED PREMIUMS**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT
IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE
BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED,
IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU
CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY
TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING.
IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING.
EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT
MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR
ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON NOVEMBER 13,
2018 AT 10:00 A.M. IN COURTROOM 600, 515 RUSK STREET, 6TH
FLOOR, HOUSTON, TEXAS.**

Premium Assignment Corporation ("**PAC**"), hereby files this unopposed motion (the

"**Motion**") requesting relief from the automatic stay to authorize PAC to exercise its right under

state law to collect unearned premiums of $28,963 to pay the balance owed to PAC by American

Green Technology, Inc. (the "**Debtor**") on account of insurance policies financed by PAC. In

support of this Motion, PAC respectfully states to the Court as follows:

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue for this proceeding and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested herein is Title 11 of the United States Code (the "**Bankruptcy Code**") sections 105(a), 362, 363, and 542; Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

## FACTUAL BACKGROUND

2.      On August 27, 2018 (the "**Petition Date**"), an involuntary petition under Chapter 11 of the Bankruptcy Code [Doc. No. 1] was filed against the Debtor.  On October 2, 2018, an order for relief was entered by the Court.  No trustee or examiner has been appointed, and no creditors' committee has been formed.

3.      PAC and the Debtor entered into that certain Premium Finance Agreement, effective as of April 30, 2018 (the "**Finance Agreement**"), a true and correct copy of which is attached as **Exhibit A**, pursuant to which PAC agreed to make a loan (the "**Loan**") to the Debtor by advancing $27,814.52 to the Agent in prepayment of one year of the Debtor's premiums under the insurance policies set forth in the schedule of polices attached to the Second Finance Agreement (the "**Policies**").  In exchange, the Debtor made a down payment of $7,899.48 as shown in the Finance Agreement, and agreed to make ten (10) monthly payments to PAC, each in the amount of $2,910.27 with the first installment due May 30, 2018.

4.      Pursuant to the Finance Agreement, the Debtor granted PAC an irrevocable power of attorney to cancel the Policies and to collect all unearned premiums in the event that the Debtor defaulted under the terms of the Finance Agreement. Finance Agreement, ¶ 2.  As security for the

2

Debtor's obligations, the Debtor assigned to PAC all unearned premiums or other sums that may become payable under the Policies (the "**Collateral**"). *Id.* at ¶ 1.

5.      Pursuant to the Finance Agreement, Agent agreed to remit to PAC the full amount of the unearned premium up to the unpaid balance due under the Finance Agreement. *Id.* at pp. 1, 3.

6.      As set forth on the statement of account regarding the Loan attached hereto as **Exhibit B**, the Debtor failed to timely make any payment for the months of July through September, 2018 under the Finance Agreement. The Debtor's failure to timely make these payments constitutes a default pursuant to the Finance Agreement. Finance Agreement, ¶ 7.

7.      In response, on or about August 24, 2018, PAC sent notices canceling the Policies effective August 25, 2018, notice of which is attached hereto as **Exhibit C**.  Subsequently, the insurer purported to reinstate the Policies due to the Debtor's bankruptcy filing.

8.      As set forth on the statement of account regarding the Loan the balance due under the Finance Agreement, as of the cancellation date of August 25, 2018, was $28,784.22.

9.      On October 9, 2018 through October 22, 2018, counsel for PAC conferred with proposed counsel for the Debtor regarding the relief requested herein.  Proposed counsel for the Debtor represented that the Debtor is unopposed to the Motion.

## RELIEF REQUESTED

10.      PAC requests that this Court enter an order, substantially in the form attached hereto, modifying the automatic stay so that PAC may (1) exercise its power, in accordance with Texas Insurance Code Chapter 651 and the Finance Agreement, to enforce the cancellation of the Policies, effective as of August 25, 2018, and (2) apply the unearned premiums from the cancellation of the Policies up to the balance due under the Finance Agreement.

*HOU 408903922v1*

**BASIS FOR RELIEF**

11.      In the instant case, it is appropriate to lift under Bankruptcy Code section 362(d)(2) because the Debtors have no equity in the Collateral and the Policies are no longer necessary for an effective reorganization.  The Debtor has defaulted and the Policies funded under the Finance Agreement were cancelled, PAC is entitled to relief from the automatic stay, and the Motion should be granted.

**A.      PAC Has a Valid Security Interest in the Collateral.**

12.      Premium financing is a common commercial transaction.  A premium finance company, such as PAC, has a security interest in the unearned premiums of the insurance policies or policies that were financed without the necessity of filing a UCC-1 financing statement.  *See In re JII Liquidating, Inc.*, 344 B.R. 875, 882-85 (Bankr. N.D. Ill. 2006).  A premium finance company's security interest in unearned insurance premiums is in the nature of a purchase money security interest.  *See TIFCO, Inc. v. U.S. Repeating Arms Co. (In re U.S. Repeating Arms Co.)*, 67 B.R. 990, 997-98 (Bankr. D. Ct. 1986); *A-1 Credit Corp. v. Big Squaw Mountain Corp. (In re Big Squaw Mountain Corp.)*, 122 B.R. 831, 835 (Bankr. D. Me. 1990).

13.      A premium finance company has a security interest in the unearned premiums of the insurance policies financed.  This security interest remains in effect throughout the case.  *See In re U.S. Repeating Arms Co*. 67 B.R. at 999.  The proper time for assessing the value of PAC's security interest is the Petition Date.  Although the value of collateral may decline as the premiums are earned, the security interest must be protected as it existed as of the commencement of the bankruptcy case.  *In re Auto-Train Corp.*, 9 B.R. at 166.

**B.    Cause Exists to Grant PAC Relief from the Automatic Stay under Bankruptcy Code Section 362(d)(1).**

14.    Bankruptcy Code section 362(d)(1) provides that this Court "shall grant relief from the stay … for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. § 362(d)(1).  "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-intensive situations." *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988); *see also Mooney v. Gill*, 310 B.R. 543, 546 (N.D. Tex. 2002) ("The bankruptcy court must balance the hardships of the parties and base a decision on whether to modify the automatic stay on the degree of hardship involved and the goals of the Bankruptcy Code."); *In re Cont'l Air Lines, Inc.*, 61 B.R. 758, 780 (S.D. Tex. 1986) ("In sum, a bankruptcy court must be guided by equitable principles in exercising its discretion to enforce or modify the automatic stay."); *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (noting that default under loan documents can constitute cause).

15.    "In stay relief litigation . . . the party opposing stay relief, usually the debtor, has the ultimate burden of persuasion . . . as to all stay issues . . .." *In re Rogers*, 239 B.R. 883, 886 (Bankr. E.D. Tex. 1999). Once a movant makes a *prima facie* case that cause exists to lift the stay, the burden shifts to a debtor to show that the collateral is not declining in value or that the secured creditor is adequately protected. *See Id.* at 887. "To establish a *prima facie* case for cause due to a lack of adequate protection, a movant must initially demonstrate that it holds a claim, secured by a valid, perfected lien upon estate property and that a decline in the value of its collateral is either occurring or is threatened, against which the creditor is precluded from protecting its interests due to the existence of the automatic stay." *Id.*

16.    As established above, PAC has a valid claim that is secured by a valid purchase money security interest that remains in effect throughout the Debtor's bankruptcy. The Debtor is

currently in default on the Loan provided by PAC (and the Polices were properly cancelled under the Finance Agreement prior to the Petition Date).  The Debtor does not seek to utilize the coverage provided under the Policies.

17.     Cause exists in this case to grant PAC relief from the automatic stay pursuant to Bankruptcy Code section 362(d)(1) because, among other things, (i) the Debtor has defaulted under the Finance Agreement (and the Policies were properly cancelled prior to the Petition Date); and (ii) the Debtor has not provided adequate protection for PAC's secured claim.

**(i)       PAC's Interests Are Not Adequately Protected.**

18.     The Bankruptcy Code does not define "adequate protection," but Bankruptcy Code section 361 provides a non-exclusive list of examples, including:

> (1)     requiring cash payments to the secured creditor to the extent the continuation of the stay results in a decrease in value of the collateral;
>
> (2)     providing the secured creditor with an additional or replacement lien on property to the extent that the continuation of the stay results in a decrease in value of the collateral; or
>
> (3)     granting such relief to the secured creditor as will result in the creditor's realization of the "indubitable equivalent" of its interest in the collateral.

*See* 11 U.S.C. § 361(1)-(3).  Adequate protection does not exist when factors, such as instability of the value of the collateral, indicate that the creditor's interest in property is not being protected. *See In re Colrud*, 45 B.R. 169, 178-79 (Bankr. D. Ala. 1989).

19.     If a debtor has neither adequately protected encumbered property nor presented any persuasive evidence that it can do so, relief from the automatic stay for cause is warranted.  *See, e.g., In re Dumbaya*, 428 B.R. 410, 416 (Bankr. N.D. Ohio 2009); *In re Epiq Capital Corp.*, 290 B.R. 514, 526 (Bankr. D. Del. 2003).

6

20.     As a secured creditor, and under Bankruptcy Code section 363(e), PAC is entitled to adequate protection of its Collateral from the Petition Date.  11 U.S.C. § 363(e); *In re Auto-Train Corp.*, 9 B.R. at 166.  Here, the Debtor has failed to remit the required monthly payments since July 27, 2018, and has failed to offer PAC adequate protection in any form moving forward.  Accordingly, PAC is not adequately protected, and there is cause under section 362(d)(1) to grant PAC relief from the automatic stay.  *See JII Liquidating, Inc.*, 344 B.R. at 890 (granting motion for relief from stay for cause under section 362(d)(1) because debtor had defaulted under premium finance agreement, neither paid or offered lender any adequate protection, and unearned premiums had been refunded by insurer); *In re QA3 Fin. Corp.*, No. BK11-80297-TJM, 2011 WL 1297840, at *3 (Bankr. D. Neb. Apr. 5, 2011) (reaching the same holding).

**C.      Waiver of the 14-Day Stay under Bankruptcy Rule 4001(a)(3) Is Appropriate.**

21.     Bankruptcy Rule 4001(a)(3) states that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*."  FED. R. BANKR. P. 4001(a)(3) (emphasis added).  Courts have waived the stay imposed by Bankruptcy Rule 4001(a)(3) so as not to "impede the enforcement and implementation" of relief from the automatic stay.  *See, e.g., In re Huie*, No. 07-40627, 2007 WL 2317152, at *8 (Bankr. E.D. Tex. Aug. 8, 2007).

22.     PAC respectfully requests that the customary 14-day stay imposed by Bankruptcy Rule 4001(a)(3) be waived so that, should the relief requested herein be granted, PAC may collect and apply all unearned premiums pursuant to the Finance Agreement.

**CONCLUSION**

23.     In light of the foregoing, PAC respectfully requests that the Court enter an order, substantially in the form of order annexed hereto, (i) authorizing PAC to confirm the cancellation of the Policies effective as of August 25, 2018, to collect all unearned premiums, and apply all

7

collected, unearned premiums up to the balance due under the Finance Agreement, and (ii) granting

PAC such other and further relief to which it shows itself to be justly entitled.

Dated: October 26, 2018

Respectfully submitted,

/s/   *Karl Burrer*
Karl Burrer
Texas State Bar No. 24043584
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, TX   77002
Phone: (713) 374-3612
Fax: (713) 583-9502
Email: burrerk@gtlaw.com

*Attorneys for Premium Assignment
Corporation*

8

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on October 9 through October 22, 2018, he conferred with the proposed counsel for the Debtor, who indicated that the Debtor does not oppose the relief requested herein.

/s/     *Karl Burrer*
Karl Burrer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Motion (with exhibits) was served on the parties listed below through the Court's Electronic Case Filing System or U.S. mail, postage prepaid on this, the 26th day of October, 2018.

| | | |
|---|---|---|
| Airguide Mfg MS, LLC<br>795 W. 20th Street<br>Hialeah, FL  33010-2466 | American Green Technology Inc.<br>c/o Registered Agent<br>Charles M. Weiser<br>5718 Darnell Street<br>Houston, TX 77096-1112 | Lai Family Investments, Inc.<br>2406 Delmonte Drive<br>Houston, TX  77019-3410 |
| Accurate Metal Fabricating<br>Coface North America Insurance Company<br>650 College Road East, Suite 2005<br>Princeton, NJ  08540-6779 | Brown & Joseph, Ltd.<br>c/o Don Leviton<br>P.O. Box 59838<br>Schaumburg, IL  60159-0838 | Light Sources, Inc.<br>37 Robinson Blvd.<br>Orange, CT  06477-3623 |
| US Trustee<br>Office of the US Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, TX  77002-2604 | W.W. Grainger, Inc.<br>401 South Wright Road<br>Janesville, WI  53546-8729 | Dave Peterson<br>11721 Hunters Green Trail<br>Austin, TX  78732-2056 |
| Deirdre Carey Brown<br>Hoover Slovacek LLP<br>5051 Westheimer Road, Suite 1200<br>Houston, TX  77056 | John James Sparacino<br>Ushio America Inc.<br>Vorys, Sater, Seymour & Pease LLP<br>700 Louisiana Street, Suite 4100<br>Houston, TX  77002 | Jeffrey A. Krieger<br>Ushio America Inc.<br>Greenberg Glusker Fields Claman & Machtinger LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA  90067 |
| Matthew Hoffman<br>Hoffman & Saweris, p.c.<br>2777 Allen Parkway, Suite 1000<br>Houston, TX  77019 | | |

/s/     *Karl Burrer*
Karl Burrer

HOU 408903922v1