IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| ANLOC, LLC | § | CASE NO. 17-35952 |
| Debtor. | § | (Chapter 11) |

**WILBURN ENERGY, LLC; ARDUOUS ENERGY GROUP, LLC;
ENERGY FISHING & RENTAL SERVICES, INC.; AND
ANASTASIOS PISTOFIDIS
EMERGENCY MOTION TO
<u>STRIKE DEBTOR'S MOTION TO DISMISS INVOLUNTARY CHAPTER 11</u>**

**PURSUANT TO LOCAL RULE 9013:**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Petitioning creditors, Wilburn Energy, LLC; Arduous Energy Group, LLC; Energy Fishing & Rental Services, Inc.; and Anastasios Pistofidis, file this Emergency Motion to Strike Debtor's Motion to Dismiss Involuntary Chapter 11 and would respectfully show the Court as follows:

## BACKGROUND

1. On July 10, 2017, a receiver was appointed for Anloc, LLC. A true and correct copy of this receivership order is attached hereto as *Exhibit "1"* and incorporated herein by reference.

2. According to the order appointing that receiver, only the receiver would "have the exclusive right, power and authority to vote any shares of stock, partnership interests or other business interests of [debtor]." Ex. 1, p. 4, ¶ 12.

3. Additionally, the receiver "shall have the authority but not the obligation to manage all businesses and affairs of the [debtor]." Ex. 1, p. 4, ¶ 14.

4. And, the receiver "shall have the right, power and authority to hire any person or company necessary to accomplish any right or power granted in this Order." Ex. 1, p. 4, ¶ 15.

5. Based on information and belief, debtor's counsel was hired by the listed manager of the debtor, James Trippon, not by the receiver – who solely possessed the management rights of the debtor, including the right to hire counsel or oppose petitioning creditors' involuntary petition.

6. The receiver has not chosen to oppose petitioners' involuntary petition.

## MOTION

7. Because James Trippon possessed no authority to hire counsel in this matter, under the jurisprudence of the Southern District Bankruptcy Courts, the above-referenced petitioning creditors move that debtor's response to the involuntary bankruptcy petition in this case be stricken from the record.

## ARGUMENT AND AUTHORITIES

8. At the time James Trippon hired debtor's counsel, he did not possess the authority to hire such counsel without the express authorization of the receiver in this case. *See*, *e.g.*, Ex. 1, p. 4.

9.	To oppose an involuntary petition "requires a corporate debtor to retain legal counsel". *In re CorrLine Int'l, LLC,* 516 B.R. 106, 138-39 (Bankr. S.D. Tex. 2014)(holding that "retention of counsel to oppose an involuntary bankruptcy petition is not considered to be within the ordinary course of business as a matter of Texas law… (and) officers do not have unilateral authority to hire… any other law firm, for that matter…to file pleadings to defeat (an) Involuntary Petition.").

10.	Because the debtor is a corporation, it must be represented by counsel. *Id.*

11.	Because debtor's manager lacked the authority to file its motion in opposition at the time it was filed, it must be stricken. *Id.*

12.	When a corporate debtor "lacks authority to hire legal counsel without the proper and requisite manager approval" its motion to dismiss an involuntary petition should also be struck from the record. *Id.*

## CONCLUSION

13.	Because the only person with the authority to hire opposing counsel in this case did not retain the services of debtor's current counsel and because, furthermore, that person did not authorize debtor's counsel to oppose the involuntary petition, this Court should strike debtor's motion to dismiss the petitioning creditors' involuntary petition and immediately enter its order for relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the above-referenced petitioning creditors move that, at the hearing to be conducted on January 2, 2017 on debtor's Motion to Dismiss Involuntary Chapter 11, this Court first decide this Emergency Motion to Dismiss, and, upon such consideration that the Motion entered by debtor in this case be stricken from the record and an order for relief be immediately issued for creditor.

Respectfully submitted,

**J A LAMBERT PLLC**

10200 Highway 290 West
Austin, Texas 78739
(888) 731-1324
(888) 508-6110 Fax
aamir@jalambertpllc.com

/s/ Aamir S. Abdullah
AAMIR S. ABDULLAH
State Bar No. 24077149

**ATTORNEYS FOR PETITIONING CREDITORS WILBURN ENERGY, LLC; ARDUOUS ENERGY, LLC; AND ANASTASIOS PISTOFIDIS**

Approved as to Form and Substance:

By: /s/ Holly C. Hamm
        Holly C. Hamm
Phil F. Snow
State Bar No. 18812600
Email: philsnow@snowspencelaw.com
Holly C. Hamm
State Bar No. 24036713
Email: hollyhamm@snowspencelaw.com
2929 Allen Parkway, Suite 2800
Houston, TX 77019
(713) 335-4800 Telephone
(713) 335-4848 Telecopier

**ATTORNEYS FOR ENERGY FISHING & RENTAL SERVICES, INC**.

## CERTIFICATE OF CONFERENCE

I certify that an attempt to confer with debtor's attorney of record, Gary Cerasuolo, was made by e-mail sent on December 31, 2017, but counsel has not responded to the attempt.

Respectfully,

*/s/Aamir Abdullah*
Aamir Abdullah

## CERTIFICATE OF ACCURACY

I certify that to the best of my knowledge the information contained in the foregoing Emergency Motion to Strike Debtor's Motion to Dismiss Involuntary Chapter 11 is true and correct.

Respectfully,

*/s/Aamir Abdullah*
Aamir Abdullah

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Emergency Motion to Strike Debtor's Motion to Dismiss Involuntary Chapter 11 has been served on all parties in interest as listed below by electronic court filing transmission, e-mail. Mail, and/or fax on this 1st day of January 2017.

**ATTORNEYS FOR DEBTOR ANLOC, LLC**

Gary F. Cerasuolo

SMITH & CERASUOLO, LLP
7500 San Felipe, Suite 777
Houston, Texas 77063
gary.cerasuolo@sbcglobal.net

**ATTORNEYS FOR PETITIONING CREDITOR
ENERGY FISHING & RENTAL SERVICES, INC.**

Holly Hamm

SNOW SPENCE GREEN LLP
2929 Allen Parkway
Suite 2800
Houston, Texas 77019
HollyHamm@snowspencelaw.com

**ATTORNEYS FOR PETITIONING CREDITOR
ARROW DRILLING, INC.**

Louis Williams

PORTER, ROGERS DAHLMAN & GORDON, P.C.
800 North Shoreline
Suite 800 S
Corpus Christi, Texas 78401
lwilliams@prdg.com

**ATTORNEYS FOR PETITIONING CREDITOR
K-3 RESOURCES, LLC**

Brian Bro

THE LAW OFFICES OF BRIAN E BRO
3911 Wood Park
Sugar Land, Texas 77479
brian@bebroatty.com

**ATTORNEYS FOR PETITIONING CREDITOR TEC WELL SERVICES, INC.**

Jonathan Rosamond and
Jason Rudd

WICK PHILLIPS
3131 McKinney Avenue
Suite 100
Dallas, Texas 75204
jonathan.rosamond@wickphillips.com
jason.rudd@wickphillips.com

                                                    Respectfully,

                                                    */s/Aamir Abdullah*

                                                    Aamir Abdullah