**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **AMERICAN GREEN TECHNOLOGY,** | § | **CASE NO. 18-34728** |
| **INC.** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | § | |

**NOTICE OF SUBPOENA DUCES TECUM TO**
**USHIO AMERICA, INC.**

    **PLEASE TAKE NOTICE THAT**, Airguide Mfg MS, LLC and Dave Peterson

("**Requestors**") issued the Subpoena Duces Tecum to Ushio America, Inc. attached as **Exhibit A**,

to produce certain documents on or before 5:00 p.m. on December 14, 2018, to Hoover Slovacek,

LLP, c/o Deirdre Carey Brown, 5051 Westheimer, Suite 1200, Houston, Texas 77056.

DATED:    December 5, 2018

        Respectfully submitted,

        HOOVER SLOVACEK LLP

        By: */s/ Vianey Garza*
        Vianey Garza
        State Bar No. 24083057
        5051 Westheimer, Suite 1200
        Houston, Texas 77056
        Telephone: 713.977.8686
        Facsimile:  713.977.5395
        garza@hooverslovacek.com

**OF COUNSEL:**
HOOVER SLOVACEK LLP
Deirdre Carey Brown
State Bar No. 24049116
brown@hooverslovacek.com
*Attorneys Airguide Mfg MS, LLC and Dave Peterson*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on or before December 6, 2018 a true and correct copy of the Notice of Subpoena Duces Tecum to Ushio America, Inc. served on the following parties by the following means:

**<u>VIA CM/ECF FILING</u>**

Karl Daniel Burrer on behalf of Creditor Premium Assignment Corporation, burrerk@gtlaw.com, jamrokg@gtlaw.com, parkinsl@gtlaw.com

John James Sparacino on behalf of Creditor Ushio America, Inc., jjsparacino@vorys.com, kbconiglio@vorys.com, mdwalkuski@vorys.com, tlpavlock@vorys.com

Sean B. Davis on behalf of Creditor Moriah Infection Solutions, LLC, sbdavis@winstead.com, mmingo@winstead.com

US Trustee, USTPRegion07.HU.ECF@USDOJ.GOV

**<u>VIA FIRST-CLASS MAIL and E-MAIL</u>**

American Green Technology, Inc.
c/o Registered Agent Charles M. Weiser
5718 Darnell Street
Houston, TX 77096
CWeiser@agtus.org

Accurate Metal Fabricating
Coface North America Insurance Company
650 College Road East, Suite 2005
Princeton, NJ 08540
amy.schmidt@coface.com

American Green Technology, Inc.
Attn: Danny Bogar, CEO
Corporate Headquarters
52129 State Route 933
South Bend, Indiana 46637
danny@agtus.org

Light Sources, Inc.
Attn: Leisa Allen
37 Robinson Blvd.
Orange, CT 06477
lallen@light-sources.com

W.W. Grainger, Inc.
401 South Wright Road W4E.C37
Janesville, WI 53546
Char.Walters@grainger.com

Brown & Joseph, Ltd.
c/o Don Leviton
P. O. Box 59838
Schaumburg, IL 60159
dleviton@brownandjoseph.com

Mississippi Department of Revenue
c/o Bankruptcy Section-Mississippi
Department of Revenue
P. O. Box 22808
Jackson, MS 39225-2808
bankruptcy@dor.ms.gov

Dun & Bradstreet
c/o RMS (an iQor Company)
P. O. Box 361345
Columbus, OH 43236
Wendy.Messner@iqor.com

Microchem Laboratory, LLC
1304 West Industrial Blvd.
Round Rock, Texas 78681
gina@microchemlab.com

**VIA EMAIL**
Danny Bogar, danny@agtus.org

Lai Enterprises, rocky@rockylai.com


*/s/ Vianey Garza*
Vianey Garza

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____

In re **American Green Technology, Inc.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **18-34728**

Chapter **11**

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   **Ushio America, Inc., c/o Corporation Service Co., 211 E. 7th Street, Suite 620, Austin, Texas 78701**
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See Exhibit A**

| PLACE **Hoover Slovacek, LLP, Attn: Deirdre Carey Brown** **5051 Westheimer, Suite 1200, Houston, Texas 77056** | DATE AND TIME **December 14, 2018 by 5:00 p.m.** |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/5/2018

CLERK OF COURT

OR _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Airguide Mfg MS, LLC and Dave Peterson ("Requestors"),  who issues or requests this subpoena, are:

Deirdre Carey Brown, Hoover Slovacek, LLP, 5051 Westheimer, Suite 1200, Houston, TX 77056; brown@hooverslovacek.com; 713-977-8686          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A
Page 1 of 11

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Exhibit A
Page 2 of 11

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
   ...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### DEFINITIONS

1.      "Affiliate" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

2.      "All," "each" and "any" shall be construed to mean all, each, every, and any.

3.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      "Bankruptcy Code" means Title 11 of the United States Code entitled "Bankruptcy," as now and hereafter in effect, or any successor statute.

5.      "Communication" is a subset of "document" and means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral communications, includes any document evidencing the date, participants, subject matter, and content of any such oral communication, including, but not limited to, transcripts, minutes, notes, audio, video, and electronic recordings, telephone records, and calendar entries.

6.      "Concerning," "relating to," and "reflecting" mean having any relationship or connection to, concerning, relating to, related to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, involving, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

7.      "Debtor" means American Green Technology, Inc., and any advisors, agents, attorneys, accountants, consultants, officers, directors, employees, experts, investment bankers,

representatives, and other persons acting, or who have acted, on behalf of the American Green Technology, Inc.

8.  "Delayed Note" means the $830,000 Delayed Draw Term Loan Note dated March 15, 2017 between the Debtor and Ushio.

9.  "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including but not limited to, any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, lists, presentations, pro form as, analyses, spreadsheets, correspondence, memoranda, e-mail and electronically stored documents, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data compilations, computer databases, records, and any information generated or stored in electronic form. In producing any document in response to any of the Document Requests, you shall produce (i) all drafts of any responsive documents, and (ii) all marked, annotated, or non-identical copies of any responsive documents.

10.  "First Revolver" means the $1.5 million Revolving Credit Agreement dated June 21, 2016 between Ushio and the Debtor.

11.  "Insider" has the meaning set forth in Section 101(31) of the Bankruptcy Code.

12.  "Intellectual Property Security Agreement" dated March 15, 2017 by and between the Debtor and Ushio.

13.  "Lien" has the meaning set forth in Section 101(37) of the Bankruptcy Code.

14.     "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

15.     "Second Revolver" means the $1.5 million Second Revolving Credit Agreement dated October 7, 2016 between Ushio and the Debtor.

16.     "Security Agreement" means the Security and Pledge Agreement dated March 15, 2017 between Ushio and the Debtor.

17.     "Subscription Agreement" means the Subscription Agreement dated December 3, 2015 by and among Ushio, the Debtor and certain seller stockholders.

18.     "Term Loan" means the Term Loan Agreement dated March 15, 2017 between Ushio and the Debtor.

19.     "Ushio" means Ushio America, Inc., any affiliates and/or subsidiaries of the Ushio, and any advisors, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, and other persons acting, or who have acted, on behalf of Ushio.

20.     "You" or "your" means Ushio.

<b><u>INSTRUCTIONS</u></b>

1.     These Requests do not seek any privileged attorney-client communications. In the event you Claim documents are confidential, the Requestors agree to execute a mutually acceptable nondisclosure agreement.

2.     You shall produce promptly any and all responsive documents that are within your possession, custody, or control (or within the possession, custody, or control of anyone acting on your behalf), including but not limited to documents, wherever located, within the possession, custody, or control of your advisors, agents, attorneys, accountants, consultants, employees,

experts, investment bankers, representatives, and other persons acting, or who have acted, on your behalf or on the behalf of the individuals referenced in this definition.

3.     If you object to any part of this Subpoena to Produce Documents, you shall produce all documents that are responsive to the portions of the Subpoena to which the objection does not apply.

4.     If any documents are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), you should confer with Requestors' counsel to agree on a cost-effective approach to respond and/or provide a detailed privilege log.

5.     Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of any handwritten mark or other notation or any omission, shall constitute a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control. A request for any document shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or document comparisons, in addition to the document itself. Each document is to be produced in its entirety, without abbreviation or expurgation.

6.     In producing documents, all documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated when produced in response to this Subpoena to Produce Documents. Documents shall be produced in the order in which they were

maintained and in the file where found. If no document exists that is responsive to a particular request, you shall so state in writing.

7.     You may also contact the Requestors' counsel to have Requestors review and copy records as maintained in their original final and arrange a time before the date the responses are due to allow the records to be copied by that date.

<u>**DOCUMENTS REQUESTED**</u>

**REQUEST NO. 1**

All communications and documents concerning or relating to Ushio's acquisition of an interest in the Debtor in December 2015, including but not limited to: corporate board agendas, resolutions and corporate minutes for Ushio or the Debtor; due diligence materials; work papers; correspondence files; asset valuations; financial statements; transfer documents; and/or any other related materials for the period of January 1, 2015 to present.

**REQUEST NO. 2**

All communications and documents related to the Subscription Agreement including but not limited to: correspondence; evidence of consideration; drafts or agreements by or between the Debtor and Ushio; transfer documents; and/or any related materials for the period of August 1, 2015 to present.

**REQUEST NO. 3**

All documents and communications concerning the First Revolver, including but not limited to: loan applications; corporate board agendas, resolutions and corporate minutes for Ushio or the Debtor; loan ledger sheets; documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of the loan proceeds; documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which loan repayments were made; correspondence files; collateral agreements and related documents; financial statements; loan amortization statements; and/or any other due diligence items.

**REQUEST NO. 4**

All documents and communications concerning the Second Revolver, including but not limited to: loan applications; corporate board agendas, resolutions and corporate minutes for Ushio or the Debtor; loan ledger sheets; documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of the loan proceeds; documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which loan repayments were made; correspondence files; collateral agreements and related documents; financial statements; loan amortization statements; and/or any other due diligence items.

**REQUEST NO. 5**

All documents and communications concerning the Delayed Note, including but not limited to: loan applications; corporate board agendas, resolutions and corporate minutes for Ushio or the Debtor; loan ledger sheets; documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of the loan proceeds; documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which loan repayments were made; correspondence

files; collateral agreements and related documents; financial statements; loan amortization statements; and/or any other due diligence items.

**REQUEST NO. 6**

All documents and communications concerning the Term Loan, including but not limited to: loan applications; corporate board agendas, resolutions and corporate minutes for Ushio or the Debtor; loan ledger sheets; documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of the loan proceeds; documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which loan repayments were made; correspondence files; collateral agreements and related documents; financial statements; loan amortization statements; and/or any other due diligence items.

**REQUEST NO. 7**

All documents and communications concerning the Intellectual Property Security Agreement including any drafts; documents purportedly perfecting any alleged security interest in the agreement; valuations of the intellectual property; correspondence; regulatory agreements; corporate board agendas, resolutions and corporate minutes; offers to purchase the intellectual property; and/or any other related materials.

**REQUEST NO. 8**

All documents and communications concerning the Security Agreement including any drafts; documents purportedly perfecting any alleged security interest in the agreement; valuations of the Debtor's assets; correspondence; regulatory agreements; corporate board agendas, resolutions and corporate minutes; offers to purchase the Debtor's assets; and/or any other related materials.

**REQUEST NO. 9**

All documents purportedly perfecting any Lien or interest held by Ushio in the Debtor's assets and/or intellectual property.

**REQUEST NO. 10**

All documents concerning the value of the Debtor's assets for the last three (3) years, including but not limited to appraisals and valuations whether prepared by the Debtor, Ushio or any other person.

**REQUEST NO. 11**

All documents concerning the Debtor's intellectual property for the last three (3) years, including but not limited to, any valuations and materials related to the Debtor's intellectual property, patents or pending patents, trademarks, trade secrets or copyrights.

**REQUEST NO. 12**

Copies of any tax returns for the Debtor including the supporting schedules and worksheets.

**REQUEST NO. 13**

All documents concerning the Debtor's financial state for the last three (3) years including but not limited to, balance sheets, profit and lost statements, general ledgers, journal entries, as well as bank statements for the period from October 1, 2016 to present.

**REQUEST NO. 14**

All documents or communications regarding sale of the Debtor's assets, intellectual property or business as a going concern for the last three (3) years, including any executed or draft engagement letters, brokers' agreements, marketing materials, due diligence information, letters of intent, and correspondence related to any interest the Debtor's assets, intellectual property or business.

**REQUEST NO. 15**

All correspondence by and between Ushio and the Debtor regarding management of the Debtor; restricting payment of expenses or payroll; appointment of board directors; collections demands, closing of the Debtor's facilities; decisions to cease operations; efforts to preserve collateral including funding property insurance, security or other expenses; and/or any other correspondence by Ushio with the Debtor directing activities of the Debtor.