IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN GREEN TECHNOLOGY INC., | § | Case No. 18-34728-H4-11 |
| | § | Chapter 11 |
| | § | |
| DEBTOR. | § | |

**USHIO AMERICA, INC.'S EMERGENCY MOTION TO QUASH
THE SUBPOENA DUCES TECUM OF AIRGUIDE MFG MS, LLC AND
DAVE PETERSON AND REQUEST FOR SANCTIONS**
**(Hearing requested on or before December 14, 2018; estimated time: 1 hour)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

Ushio America, Inc. ("Ushio"), through its undersigned counsel, hereby submits this emergency motion (the "Motion") for entry of an order (i) quashing the *subpoena duces tecum*

(the "Subpoena") of Airguide Mfg MS, LLC ("Airguide") and Dave Peterson ("Peterson" and with Airguide, the "Requestors") and (ii) awarding sanctions.  In support of this Motion, Ushio respectfully states as follows:

### I.     PRELIMINARY STATEMENT

1. On December 5, 2018, without any advance warning, notice or attempt to confer, the Requestors filed and delivered their purported Subpoena directed to Ushio.  Yet, as of this filing, virtually nothing has occurred in this Chapter 11 case.  The debtor, American Green Technology, Inc. ("AGT" or "Debtor"), has no on-going customary business operations.  The Debtor has no counsel.  The Debtor has no authority to use any cash collateral or other funds.  The Debtor has not filed Schedules or the Statement of Financial Affairs.  Presumably, these are among the reasons that this Court has issued an order setting a status conference to occur on December 18, 2018.

2. Against this backdrop, and without any pending contested matters or adversary proceedings, the Requestors issued their surprise Subpoena.  The Subpoena has a number of infirmities that will be addressed below, including the lack of any statutory or rule-based grounds, the lack of any good cause, and the Requestors' failure to comply with any presumptively applicable rules.  The Court should quash the Requestors' Subpoena.  Ushio further requests that this Court impose sanctions upon the Requestors in accordance with Local Rule 2004-1(c).

### II.    CONFERENCE UNDER LOCAL RULE 2004-1

3. While the Subpoena does not state that it is issued pursuant to Local Rule 2004-1, Ushio assumes that Rule to be the applicable ground.  In an attempt to comply with the conference requirement of Local Rule 2004-1, counsel for Ushio has attempted to reach

Requestors' counsel by phone and email beginning on December 6, 2018. Email communications were exchanged on December 11, 2018. No agreement has been reached as to the Subpoena or this Motion.

### III.   JURISDICTION AND VENUE

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory predicates for the relief sought herein are Federal Rule 2004 and Local Rule 2004-1 and Rule 9016 of the Bankruptcy Rules, and Section 105(a) of the Bankruptcy Code.

### IV.   PROCEDURAL STATUS

6. On August 27, 2018 (the "Petition Date"), an involuntary petition under Chapter 11 of the Bankruptcy Code [Doc. No. 1] was filed against the Debtor. On October 2, 2018, an order for relief was entered by the Court. No trustee or examiner has been appointed, and no creditors' committee has been formed. In fact, virtually nothing has occurred in this case.

### V.   RELIEF REQUESTED

7. For all the reasons set forth herein, Ushio respectfully requests that this Court quash the Subpoena and impose sanctions upon the Requestors.

### VI.   BASIS FOR RELIEF

8. The Subpoena states no appropriate legal basis for issuance and none exists. Discovery of the type sought by the Subpoena is available (i) via the 7000-series Bankruptcy Rules as applicable in adversary proceedings and to contested matters, or (ii) through Bankruptcy Rule 2004 and Local Rule 2004-1. The Subpoena on its face states no statutory or rule-based

grounds for issuance.  Rather, the Subpoena is nothing more than the official form that references FRCP 45.  At present, there is no pending adversary proceeding in this case and there is no pending contested matter – much less one involving Ushio.  Plainly, this discovery is not permissible or appropriate at this time under the 7000-series Bankruptcy Rules.  Additionally, the Subpoena does not assert that it is issued in accordance with, or pursuant to, Bankruptcy Rule 2004.  Lacking any stated or apparent grounds, the Subpoena should be quashed.

9. <u>Even if considered under Rule 2004, the Subpoena should be quashed.</u>  Even if the Court considers the Subpoena and this Motion in accordance with Rule 2004 (including Local Rule 2004-1), the Subpoena fails for several reasons and should be quashed.  First, there is no good cause for the requested discovery at this time.  Second, the Requestors have wholly failed to comply with Local Rule 2004-1.  Third, the Subpoena provides an insufficient response time.  Fourth, the Subpoena is issued for purposes of harassment and is unduly burdensome.  Each point will be addressed below.

10. If construed as a request under Rule 2004, the Subpoena should be quashed because Requestors have not demonstrated, and cannot demonstrate, "good cause" as to why they now require access to the requested information.  See, e.g., *In re Wilcher,* 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) ("[O]nce a motion to quash a subpoena is made, the examiner bears the burden of proving that good cause exists for taking the requested discovery.");  *see also In re Silverman,* 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984)(same).  The burden of showing good cause is an affirmative one that a proponent can meet only by showing that the materials are "necessary to establish the movant's claim… or for the protection of its legitimate interests" or "that denial of production would cause undue hardship or injustice." *In re Youk-See,* 450 B.R. 312, 320 (Bankr. D. Mass. 2011) (internal citations omitted).  That burden cannot be satisfied merely by

demonstrating that the requested information is somehow relevant. *See e.g., In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 701,712 (Bankr. S.D.N.Y. 1991) ("That documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production."). Here, the Requestors have not even attempted to demonstrate that the requested information is necessary to establish any claim or that the denial of production of the requested information would lead to undue hardship or injustice.

11.     The timing of the Subpoena further negates any possibility of "good cause" for Rule 2004 discovery. This case commenced on August 27 with the filing of an involuntary petition. The Requestors were two of the three petitioning creditors. With no Debtor response to the petition (and no other intervening activity whatsoever), the order for relief was entered on October 2. More than two months have passed since the order for relief, and virtually nothing has occurred in this case. Certainly nothing has occurred that has served to advance the reorganization goals of Chapter 11. Any such activity is unlikely, as the Debtor is not represented by counsel. Presumably for these reasons, this Court has set a status conference for December 18. Given the lack of any progress in this case, and that the Debtor is without any counsel in this case, it is highly likely that this case will either be dismissed or converted in the near future. Regardless of the result, the present status dictates that no discovery should be conducted, pursued or required until the Court determines the direction of this case. Quite simply, the discovery requested is not relevant to the matters that the Court may consider at the status conference, or the Court's potentially subsequent consideration of the future direction of this case (*i.e.*, conversion or dismissal). The current posture negates the possibility of any "good cause" for the requested discovery to proceed at this time. As such, the 2004 Subpoena should be quashed.

12. A further reason to quash the Subpoena is the Requestors' utter failure to comply with Local Rule 2004-1. That rule requires a conference in advance of the issuance of discovery and states that "[f]ailure to confer is grounds for a motion to quash and sanctions." Local Rule 2004-1(c). As noted, the Subpoena came without notice or conference. The Requestors did not comply with Local Rule 2004-1(c). That failure is explicitly grounds to quash and award sanctions, as sought by this Motion.

13. Additionally, Local Rule 2004-1(d) further requires 14 days' written notice of an examination. While the Subpoena does not seek an examination (solely production of documents), Ushio submits that the 14-day period should be instructive here and further compels quashing the Subpoena. The Subpoena was served on December 5 at 4:02 p.m. via email. The Subpoena demands production by 5:00 p.m. on December 14. Even in the absence of Local Rule 2004-1(d), such a response time is inadequate, unreasonable and provides grounds to quash.

14. Finally, the Court should quash the Subpoena as unduly burdensome and harassing. Since well prior to the Petition Date, the Requestors and/or certain persons believed to be affiliated or closely connected to the Requestors have periodically threatened Ushio with unfounded potential litigation claims. Ushio strongly suspects that this entire bankruptcy case was commenced for no real reorganization purpose, but rather as a piece of the Requestors' (and others') potential litigation strategy or device. This suspicion is furthered by the Subpoena. Quite simply, the Subpoena appears to be wholly related to the prior litigation threats and unrelated to any reorganization goal. This is an inappropriate use of Rule 2004 and the Subpoena should therefore be quashed. *See, e.g., In re Recoton Corp.,* 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("[C]ourts may limit, condition or forbid Rule 2004 discovery when it is designed to abuse or harass.").

15. <u>An award of Sanctions in favor of Ushio against the Requestors is appropriate</u>. Ushio requests that the Court award an appropriate sanction in its favor and against the Requestors pursuant to Local Rule 2004-1(c), based upon the Requestors failure to comply with the conference requirements of that rule.

### VII. REQUEST FOR EMERGENCY CONSIDERATION

16. For the reasons set forth herein, Ushio requests that the Court conduct a hearing on this Motion prior to the close of business on Friday, December 14, 2018.

WHEREFORE, Ushio respectfully requests that the Court enter an order, substantially in the form submitted herewith granting the Motion, and granting such other and further relief as may be just and equitable.

**Dated December 11, 2018**                    Respectfully submitted,

/s/ John J. Sparacino
John J. Sparacino
Texas State Bar Number 18873700
Vorys, Sater, Seymour and Pease LLP
700 Louisiana Street, Suite 4100
Houston, TX 77022
Tel:     713.588.7038
Fax:    713.588.7080
Email:  JJSparacino@Vorys.com

Attorney for Ushio America, Inc.

**CERTIFICATE OF CONFERENCE**

I hereby certify that I attempted to reach Requestors' counsel by phone and/or email beginning on December 6, 2018. On December 11, 2018, email communications were exchanged but no agreement was reached.

/s/ John J. Sparacino
John J. Sparacino

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on December 11, 2018.

/s/ John J. Sparacino
John J. Sparacino