**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN GREEN TECHNOLOGY, INC. | § | Case No. 18-34728 |
| | § | |
| Debtor. | § | Jointly Administered |
| | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS**

The Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements") filed by William R. Greendyke, the chapter 11 trustee (the "Trustee") for the above-captioned debtor (the "Debtor"), were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtor, with the assistance of the Debtor's advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtor's Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While reasonable efforts have been made to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, the Debtor's business is complex and inadvertent errors, inaccuracies, or omissions may have occurred and the Trustee or the Debtor's management may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. All claims are subject to further review and the failure to list a claim at present as unliquidated, contingent, disputed, or subject to setoff, does not mean that such designation may not change in the future.

The Schedules and Statements have been signed by Danny Bogar, the President and CEO of the Debtor as of the Petition Date (defined below). Accordingly, in reviewing and signing the Schedules and Statements, Mr. Bogar necessarily relied upon the efforts, statements, and representations of the Debtor's other personnel and advisors. Mr. Bogar has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

The Global Notes supplement and are in addition to any specific notes contained in the Schedules or Statements.

*1. Description of Cases.* On August 28, 2018 (the "Petition Date"), an involuntary petition for chapter 11 relief was filed under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On October 2, 2018, the Bankruptcy Court entered its Order for Relief In an Involuntary Case (the "Order for Relief"), granting the involuntary petition. On December 20, 2018, this Court entered its Order Approving Appointment of Chapter 11 Trustee, appointing William R. Greendyke to serve as the chapter 11 trustee for the Debtor.

*2. "As Of" Information Date.* To the best of the Debtor's knowledge, the asset information provided herein, except as expressly noted otherwise, represents the asset data of the Debtor as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Trustee reserves all rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

*3. General Reservation of Rights.* Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Trustee reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim ("Claim") description or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability, or (b) amounts due or owed, if any, by the Debtor against which the Claim is listed or against the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to this chapter 11 case, including issues involving Claims, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

*4. GAAP.* Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP") the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

*5. Confidential or Sensitive Information.* There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The alterations or redactions are limited only to what is necessary to protect the Debtor or the applicable third-party.

*6. Causes of Action.* Despite reasonable efforts to identify all known assets, all causes of action or potential causes of action of the Debtor against third-parties may not be listed as assets in the Schedules and Statements. The Trustee reserves all rights with respect to any Claims or causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") the Debtor or Trustee may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

*7. Recharacterization.* The Debtor has made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements. Nevertheless, the Debtor may not have accurately characterized, classified, categorized, or designated certain items. The Trustee therefore reserves the right to recharacterize, reclassify, re-categorize, or re-designate items reported in the Schedules and Statements at a later time as necessary or appropriate.

*8. Liabilities.* The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Trustee reserves the right to amend the Schedules and Statements as he deems appropriate in this regard.

*9. Excluded Assets and Liabilities.* Certain categories of assets and liabilities have been excluded from the Schedules and Statements. The Debtor also has excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage Claims exist. In addition, certain immaterial or de minimis assets and liabilities may have been excluded.

*10. Property and Equipment.* Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value. The Debtor may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an

admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Trustee reserves all rights with respect thereto.

*11. Inventory.* As referenced above, it would be prohibitively expensive, unduly burdensome, and time consuming to physically inspect all inventory held by the Debtor.  Further, the last inventory information available to the Debtor was generated in the ordinary course of business on or about the date of the Order for Relief.  Accordingly, to the extent inventory is disclosed, referenced, and/or described in the Schedules and Statements, such disclosures are based on information reasonably available to the Debtor as of early October, 2018.

*12. Estimates.* To prepare and file the Schedules and Statements in accordance with the requests of the U.S. Trustee, the Debtor was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Trustee reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

*13. Fiscal Year.* The Debtor's fiscal year ends on December 31.

*14. Currency.* All amounts are reflected in U.S. dollars.

*15. Executory Contracts.* Although diligent attempts have been made to properly identify the Debtor counterparty(ies) to each executory contract on Schedule G, it is possible that more executory contracts than listed on Schedule G. The Trustee reserves all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtor made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract or lease. Furthermore, while the Debtor made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

*16. Leases.* Future obligations of any capital or operating leases have not been included in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

*17. Insiders.* The Debtor has attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." An individual or entity is designated as an "insider" if such individual or entity, based on the totality of the circumstances, had at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unqualifiably dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

**18. Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

**19. Setoffs.** The Debtor may incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtor and its customers or vendors and setoffs or netting permitted under common obligations of a single joint operating agreement. These offsets and other similar rights are consistent with the ordinary course of business and are not tracked separately. Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, offsets are not independently accounted for, and as such, are not included separately in the Debtor's Schedules and Statements.

**20. Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, or services are listed as amounts entered on the Debtor's books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtor. The Trustee reserve all rights respecting such credits, allowances, and other adjustments.

**21. Guaranties and Other Secondary Liability Claims.** Reasonable best efforts have been used to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in the Debtor's executory contracts, unexpired leases, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtor's leases and contracts, is ongoing.

**22. Mechanics Liens.** The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialman's or other similar statutory liens. Such liens may apply, and the Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

**23. Global Notes Control.** In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtor's Schedules**

**1. Schedule A/B.** Real property is reported at book value, net of accumulated depreciation on buildings and improvements. Certain assets may be listed as real property when such assets are in fact personal property, or certain assets may be listed as personal property when such assets are in fact real property. The Trustee reserves all rights to re-categorize or recharacterize such asset holdings to the extent the Trustee determines that such holdings were listed incorrectly.

The failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Despite reasonable best efforts to identify all known assets, all of the Debtor's Causes of Action or potential Causes of Action against third parties may not be listed as assets in the Schedules and Statements. The Trustee reserve all rights with respect to any Causes of Action that the Debtor may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

*2. Schedule D.* Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. Moreover, although various creditor claims may be scheduled as secured claims, the Trustee reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

*3. Schedule E/F, Part 1: Creditors Holding Priority Unsecured Claims.* The listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Trustee reserves all rights to dispute the amount and the priority status of any claim on any basis at any time.

*4.Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims.* Reasonable best efforts have been used to list all general unsecured claims against the Debtor on Schedule E/F based upon the Debtor's existing books and records as of the date of the Order for Relief.

Certain creditors listed on Schedule E/F may owe amounts to the Debtor and, as such, the Debtor may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Trustee reserves all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtor for amounts listed on Schedule E/F. The Trustee reserves the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtor's books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, Schedule E/F does not list a date for each listed claim.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Reasonable efforts have been made to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedules. It is possible that certain Guaranties embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. The Trustee reserves the rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

**5.Schedule G.** Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

The Trustee hereby reserves all rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Trustee reserves all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

**Fill in this information to identify the case:**

Debtor name   American Green Technology, Inc.

United States Bankruptcy Court for the:   Southern    District of   Texas
  (State)

Case number (if known):   18-34728

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

---

### Part 1:    Income

1. **Gross revenue from business**

   ☐ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From 01/01/2018 <br> MM / DD / YYYY   to | Filing date | ☒ Operating a business<br>☐ Other _____ | $ 708,365 |
   | **For prior year:** | From 01/01/2017 <br> MM / DD / YYYY   to | 12/31/2017 <br> MM / DD / YYYY | ☒ Operating a business<br>☐ Other _____ | $ 1,910,184 |
   | **For the year before that:** | From 01/01/2016 <br> MM / DD / YYYY   to | 12/31/2016 <br> MM / DD / YYYY | ☒ Operating a business<br>☐ Other _____ | $ 2,114,637 |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
   from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None

   | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From 01/01/2018 <br> MM / DD / YYYY   to | Filing date | Loss on Asset Disposal& Int Inc | $ 2,796 |
   | **For prior year:** | From 01/01/2017 <br> MM / DD / YYYY   to | 12/31/2017 <br> MM / DD / YYYY | Gain on Asset Disposal & Int Inc | $ 1,137 |
   | **For the year before that:** | From 01/01/2016 <br> MM / DD / YYYY   to | 12/31/2016 <br> MM / DD / YYYY | Loss on sale of asset | $ 2,041 |

---

| Debtor | American Green Technology, Inc | Case number (if known) | 18-34728 |
|---|---|---|---|
| | Name | | |

<div style="background:black;color:white">**Part 2:**</div> **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | American Express | 7/19-8/10/18 | $ 8,040.19 | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Box 0001 | | | ☐ Suppliers or vendors |
| | Street | | | ☐ Services |
| | Los Angeles, CA          90096-8000 | | | ☒ Other    credit card used for oper costs |
| | City                State      ZIP Code | | | |
| 3.2. | Allied Benefit Systems | 7/31-10/1/18 | $  $18,416.50 | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | 200 W. Adams Street | | | ☐ Suppliers or vendors |
| | Street | | | ☐ Services |
| | Chicago           IL        60606 | | | ☒ Other    Health insurance July-Oct |
| | City                State      ZIP Code | | | |
| 3.3 | Weiser Insurance  830 SW Frwy Houston | 7/2-9/20/18 | $6,904.27 | x Other:  Insurance other than health |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City                State      ZIP Code | | | |
| | **Relationship to debtor** | | | |
| 4.2 | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | City                State      ZIP Code | | | |
| | **Relationship to debtor** | | | |

Debtor    American Green Technology, Inc                    Case number (if known)    18-34728
          Name

**6. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

|      | Creditor's name and address | Description of the property | Date | Value of property |
|------|-----------------------------|----------------------------|------|-------------------|
| 5.1  | _____ Creditor's name  _____ Street  _____ City   State   ZIP Code | _____ _____ _____ | _____ | $_____ |
| 5.2  | _____ Creditor's name  _____ Street  _____ City   State   ZIP Code | _____ _____ _____ | _____ | $_____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

|  | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|--|-----------------------------|-----------------------------------------|-----------------------|--------|
|  | _____ Creditor's name  _____ Street  _____ City   State   ZIP Code | _____ _____  Last 4 digits of account number: XXXX– __ __ __ __ | _____ | $_____ |

### Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.    no governmental audits, list all collection claims filed against AGT

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|------------|----------------|------------------------------------|----------------|
| 7.1 American Express Travel Related ServCo - v- American Green Technology, Inc | amex delinquent bal: $38,000 | New York County Supreme Court  Name  Atty: Zwicker & Assoc  Street  100 Corporate Woods   Suite 230  Rochester   NY   14623  City   State   ZIP Code | ☒ Pending  ☐ On appeal  ☐ Concluded |
| **Case number**  65294 / 2018 | | | |
| 7.2 CH Robinson Freight Services LTD   v  American Green Technology | Past due  $8,433.19 | State of Minnesota   County of Hennepin  DistrictCourt   4th Judicial District  Name  Corporate Counsel PA   Tim Fafinski  Street  3411 Brei Kessel Rd  Independence   MN   55359  City   State   ZIP Code | ☒ Pending  ☐ On appeal  ☐ Concluded |
| **Case number**  Summons received Case: Pending | | | |

(see additional page)

Debtor ___American Green Technology, Inc_____     Case number (*if known*)___18-34728_____
        Name

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $_____ |
| _____ Custodian's name | _____ Case title | Court name and address |
| _____ Street | | _____ Name |
| _____ City        State        ZIP Code | _____ Case number | _____ Street |
| | | _____ City        State        ZIP Code |
| | _____ Date of order or assignment | |

## Part 4:   Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| **9.1** _____ Recipient's name | _____ | _____ | $_____ |
| _____ Street | _____ | | |
| _____ City        State        ZIP Code | | | |
| Recipient's relationship to debtor _____ | | | |
| **9.2** _____ Recipient's name | _____ | _____ | $_____ |
| _____ Street | _____ | | |
| _____ City        State        ZIP Code | | | |
| Recipient's relationship to debtor _____ | | | |

## Part 5:   Certain Losses

### 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | | _____ | $_____ |

Debtor    American Green Technology, Inc                     Case number (if known)    18-34728
          Name

---

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Hoffman & Saweris | _____ | 10/1/17-1/1/18 | $ 4,475.50 |
| | **Address** | _____ | | |
| | 2777 | | | |
| | *Street* | | | |
| | Allen Parkway, Suite 100 | | | |
| | Houston        Texas        77019 | | | |
| | *City*          *State*      *ZIP Code* | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | *Street* | | | |
| | _____ | | | |
| | *City*          *State*      *ZIP Code* | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | _____ | | |
| _____ | | | |

---

Debtor   American Green Technology, Inc          Case number (if known)   18-34728
         Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—made by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $ _____ |
| | | _____ | | |
| | **Address** | | | |
| | Street | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? | _____ | _____ | $ _____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | Street | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1 | Street | From _____ To _____ |
| | City          State     ZIP Code | |
| 14.2 | Street | From _____ To _____ |
| | City          State     ZIP Code | |

Debtor   __American Green Technology, Inc__   Case number *(if known)*   __18-34728__
        Name

---

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.1** _____ <br> Facility name | _____ | _____ |
| _____ <br> Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____ | *Check all that apply:* |
| _____ <br> City    State    ZIP Code | _____ | ☐ Electronically <br> ☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.2** _____ <br> Facility name | _____ | _____ |
| _____ <br> Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____ | *Check all that apply:* |
| _____ <br> City    State    ZIP Code | _____ | ☐ Electronically <br> ☐ Paper |

---

**Part 9:**   **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**  N/A

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☒ No. Go to Part 10.

    ☐ Yes. Fill in below:

        Name of plan                       **Employer identification number of the plan**

        _____   EIN: __ __ – __ __ __ __ __ __ __

        Has the plan been terminated?

        ☐ No

        ☐ Yes

---

Debtor    American Green Technology, Inc              Case number *(if known)*    18-34728
Name

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | 1st Source Bank _Name_<br>100 N. Michigan St. _Street_<br>South Bend   IN   46601 _City State ZIP Code_ | XXXX– 9 _1_ _0_ _2_ | ☐ Checking<br>☒ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 8/24/2018 | $ 577.35 |
| 18.2 | _Name_<br>_Street_<br>_City State ZIP Code_ | XXXX–__ __ __ __ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _Name_<br>_Street_<br>_City State ZIP Code_ | _____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _Name_<br>_Street_<br>_City State ZIP Code_ | _____<br>_____<br>**Address**<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

Debtor    American Green Technology, Inc        Case number (if known)    18-34728
_____
Name

---

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City   State   ZIP Code | | | |

---

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

▫ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

▫ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

▫ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City   State   ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City   State   ZIP Code | City   State   ZIP Code | | |

---

Debtor  American Green Technology, Inc
_____
Name

Case number (if known)  18-34728

---

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

## Part 13:  Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | | | EIN: __ __ – __ __ __ __ __ __ __ |
| | Name | | **Dates business existed** |
| | Street | | |
| | | | From _____   To _____ |
| | City          State          ZIP Code | | |
| 25.2. | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| | | | EIN: __ __ – __ __ __ __ __ __ __ |
| | Name | | **Dates business existed** |
| | Street | | |
| | | | From _____   To _____ |
| | City          State          ZIP Code | | |
| 25.3. | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| | | | EIN: __ __ – __ __ __ __ __ __ __ |
| | Name | | **Dates business existed** |
| | Street | | |
| | | | From _____   To _____ |
| | City          State          ZIP Code | | |

---

| Debtor | American Green Technology, inc | Case number (if known) | 18-34728 |
|---|---|---|---|
| | Name | | |

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

**Name and address** — **Dates of service**

26a.1.
Chuck Weiser     AGT   CFO
Name
52129 St. Rt. 933
Street

| South Bend | IN | 46637 |
|---|---|---|
| City | State | ZIP Code |

From __2013__   To __2018__

26a.2.
Jeannie Verteramo   AGT Employee
Name
52129 St. Rt. 933
Street

| South Bend | IN | 46637 |
|---|---|---|
| City | State | ZIP Code |

From __2012__   To __2018__

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

26b.1.
Crowe Horwath-   Compiled 2016 records for taxes
Name
330 E Jefferson Blvd
Street

| South Bend | IN | 46601 |
|---|---|---|
| City | State | ZIP Code |

From __04/2017__   To __10/2017__

26b.2.
Ushio America-   Inventory audit
Name
5440 Cerritos Ave
Street

| Cypress | CA | 90630 |
|---|---|---|
| City | State | ZIP Code |

From __2016__   To __2017__

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

**If any books of account and records are unavailable, explain why**

26c.1.
Chuck Weiser
Name
5718 Darnell St
Street

| Houston | TX | 77096 |
|---|---|---|
| City | State | ZIP Code |

Debtor  American Green Technology, Inc                                    Case number (if known)  18-34728
        Name

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c 2. | Jean Verteramo | |
| | Name | |
| | 50783 Galaxy Dr. | |
| | Street | |
| | Granger                    IN              46530 | |
| | City                          State         ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| | Name and address |
|---|---|
| 26d.1. | Ushio America, Inc |
| | Name |
| | 5440 Cerritos Ave |
| | Street |
| | Cypress                    CA              90630 |
| | City                          State         ZIP Code |

| | Name and address |
|---|---|
| 26d.2. | Moriah Group |
| | Name |
| | 303 Wall St. |
| | Street |
| | Suite 2400 |
| | Midland                    TX              79701 |
| | City                          State         ZIP Code |
| 26d.3 | Weiser Insurance/Travelers Insurance        (insurance underwriters) |
| | 8303 SW Freeway  Houston,TX  77074 |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☒ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Gordy Norquist | 2017 | $  2,600,000 |

Name and address of the person who has possession of inventory records

| | |
|---|---|
| 27 1 | Jean Verteramo |
| | Name |
| | 50783 Galaxy Dr.  Granger, IN  46530 |
| | Street |
| | records at AGT office:  52129 St Rt 933 |
| | South Bend,                IN              46637 |
| | City                          State         ZIP Code |

Debtor ___American Green Technology, Inc_____    Case number (if known)___18-34728_____
           Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Ushio Inventory Audit-   Hiroo | 2016 | $ 2.7 million |

Name and address of the person who has possession of inventory records

27.2    Jean Verteramo
        _____
        Name
        50783 Galaxy Dr.   Granger, In  46530
        _____
        Street
        2016 Inv. records at AGT office: 52129 St. Rt. 933
                                  South Bend, IN  46637
        _____
        City                          State      ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Danny Bogar | 1223 Gruene Vintage  New Braunfels, Tx 78130 | CEO & Bd of Directors | |
| Shinji Kameda | Ushio  5440 Cerritos Ave  Cypress,CA 90630 | Bd of Directors | |
| Nolan Lehmann | 16303 Sterling Gate Spring Tx  77379 | Bd of Directors | |
| Ushio America, Inc. | 5440 Cerritos Ave   Cypress, CA  90630 | controlling shareholder | >50% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Holger Claus | Ushio   Cypress California | Bd of Directors | From 1/2016 To 1/2018 |
| Hiroo Kasahara | Ushio   Cypress California | Bd of Directors | From 4/2018 To 8/2018 |
| Chuck Weiser   CPA | 5718 Darnell St  Houston,TX 77096 | AGT CFO | From 2013  To 9/2018 |
| Gordy Norquist | 17800 Dorset Dr  South Bend, IN 46635 | AGT EVP sales&oper. | From 2009 To 7/2018 |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1    Danny Bogar | $52,923.15 | 10/1/17-10/2/18 | Emp Comp |
| Name | | | |
| 1223 Gruene Vintage | | | |
| Street | | | |
| New Braunfels          TX        78130 | | | |
| City                    State      ZIP Code | | | |
| Relationship to debtor | | | |
| active employee/CEO    Board Member | | | |

Debtor ____American Green Technology, Inc_____     Case number (*if known*)___18-34728_____
        *Name*

**Name and address of recipient**

30.2

Name _____

Street _____

_____

City _____ State _____ ZIP Code _____

**Relationship to debtor**

_____

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

**Name of the parent corporation**                    **Employer Identification number of the parent corporation**

_____          EIN: __ __ – __ __ __ __ __ __ __

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

**Name of the pension fund**                          **Employer Identification number of the pension fund**

_____          EIN: __ __ – __ __ __ __ __ __ __

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___01 / 08 / 2019___
         MM / DD / YYYY

✗ _____          Printed name ____Danny Bogar_____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor ___President & CEO___

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

Debtor: <u>American Green Technology, Inc</u>          Case Number: _18-34728_

## Supplemental Pages: Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

---

### Part3: Legal Actions or Assignments

**7.3    Microchem Laboratory,LLC vs American Green Technology, Inc
        NO. IJC-18-1109**

      Nature:   Civil Citation  vendor past due balance $5100
                Small Claims Case

      Court:   Justice of the Peace    Precinct 1  Williamson County Texas
                1801 E. Old Settlers Blvd   Suite 100
                Round Rock, TX  78664

**7.4    Mississippi Department of Revenue taxing authority vs American Green
        Technology, Inc**

      Nature:  Business Lien for delinquent 2016 Corp & Franchise Tax &fees
$16,254.96

      Court:  Coahoma County Courthouse
              Mississippi Dept of Revenue
              P.O. Box 23075
              Jackson, MS  39225-3075

**7.5    Industrial Automation Controls,inc dba IAC dba IAC Supply Solutions
        -vs-  American Green Technology, Inc**

      Case #:49D07-1804-CC-013508
      Nature:  Summons received for delinquent debt $5,751.58

      Court:  Marion Superior Court   Marion County Indiana
              200 E. Washington St.  Indianapolis, In  46204
              Rubin & Levin Attorneys